IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD B. AVERY, SR.,

    Petitioner,

v.

WARDEN, MARION CORRECTIONAL
INSTITUTION,

    Respondent.

Case No. 2:19-cv-1126
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this pro se Petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here, and the Undersigned therefore **RECOMMENDS** that this action be **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his March 14, 1997, conviction on the charge of escape pursuant to his guilty plea in the Union County Court of Common Pleas. The Ohio Third District Court of Appeals summarized the facts as follows:

> On January 17, 1997 the Union County Grand Jury indicted Avery on one count of Escape, a fifth-degree felony and a violation of R.C. 2921.34. The escape allegedly occurred on December 9, 1996. On March 14, 1997, Avery, with appointed counsel, entered a guilty plea to the charge of Escape. The court sentenced Avery to three years of community control and a one year suspended sentence of imprisonment. Included in Avery's community control obligation, the court ordered Avery to spend ten days of confinement in the Union County Discipline and Rehabilitation Center with work release.
>
> On March 15, 1997, the first day of Avery's ten-day confinement at the discipline center, he reportedly left the center without authorization and contrary to the terms of his sentence. Consequently, on March 21, 1997 Avery appeared before the trial court without counsel for his alleged probation violation. The court revoked Avery's probation and sentenced him to one year of incarceration.

*State v. Avery*, 3rd Dist. No. 14-97-28, 1998 WL 55012, at *1 (Ohio Ct. App. Feb. 12, 1998). On February 12, 1998, the appellate court affirmed Petitioner's escape conviction, but reversed the trial court's judgment finding Petitioner guilty of violating the terms of his probation, and remanded the case to the trial court. *Id*. The website of the Union County Clerk further indicates as follows:

> On December 16, 1998, a new hearing was held regarding the community control violation. At that time Defendant was found to have violated community control and sentenced to 12 months in prison with 49 days prior jail time credit and 264 days prior penitentiary time credit. Defendant again appealed and that decision was affirmed by the Third District Court of Appeals on May 17, 1999.

Journal Entry, May 1, 2018, Case No. 1996-CR-0109. On October 2, 2018, Petitioner filed a Motion to Vacate Void Sentence in the state trial court. On May 1, 2018, the trial court denied the motion as moot, finding that Petitioner's sentence had completely expired several years

2

previously. *See id*. The website of the Union County Clerk indicates that, on October 9, 2018, the appellate court affirmed the judgment of the trial court.

On March 26, 2019, Petitioner filed this pro se habeas corpus Petition pursuant to 28 U.S.C. § 2254. He asserts that the trial court lacked jurisdiction and unconstitutionally re-sentenced him after his sentence had already completely expired (claims one through four).

## II. "IN CUSTODY" REQUIREMENT

Habeas corpus is available only to challenge the constitutionality of a prisoner's custody. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986). Thus, 28 U.S.C. § 2254(a) provides that a federal "district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis added). "This language is jurisdictional: if a petitioner is not 'in custody' when she files her petition, courts may not consider it." *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018) (citing *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001)). "Thus, a district court may consider a prisoner's petition only if he files it while "'in custody' under the conviction or sentence under attack." *In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam)). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Hautzenroeder*, 887 F.3d at 740 (citing *Maleng v. Cook*, 490 U.S. at 492).

Plainly, such are the circumstances here. Petitioner's sentence completely expired long prior to the filing of this action. Thus, this Court lacks jurisdiction to consider Petitioner's claims, as he fails to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a).

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: May 1, 2019

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE