# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

EDWARD B. AVERY, SR.,

    Petitioner,

v.

WARDEN, MARION CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-cv-1126
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On May 1, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed. ECF 5. Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. ECF 6. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection, ECF 6, is **OVERRULED**. The Report and Recommendation, ECF 5, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

In March 1997, Petitioner pleaded guilty in Union County to the charge of escape. The trial court imposed a term of three years' community control and a one year suspended sentence of imprisonment. However, Petitioner violated the terms of his community control, and on December 16, 1998, the trial court sentenced him to twelve months in prison with 313 days credit for prior jail and penitentiary time served. On May 17, 1999, the appellate court affirmed the judgment of the trial court. Petitioner

now asserts that the trial court lacked jurisdiction and unconstitutionally re-sentenced him after his sentence had already completely expired. The Magistrate Judge recommended dismissal of this action because Petitioner's sentence has long since expired, he no longer remains "in custody" on the conviction he seeks to challenge, and this Court therefore lacks jurisdiction to consider his claims. Petitioner objects.

Petitioner insists that he remains "in custody" on his 1997 escape conviction, in view of a May 4, 2018, Journal Entry from the Union County Court of Common Pleas, ECF 6-1, PAGEID # 32-33, indicating that his sentence was to run concurrently with his sentence in Case No. 1997-CR-0020, a thirty year term, and because he will be required to serve a mandatory term of post release control. Objection, ECF 6. However, the trial court's Journal Entry also indicates that his sentence had long since completely expired. Moreover, and even assuming, arguendo, that it had not, this action plainly is barred by the one-year statute of limitations imposed under the provision of 28 U.S.C. § 2244(d).

Therefore, Petitioner's Objection, ECF 6, is **OVERRULED.** The Report and Recommendation, ECF 5, is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. See 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**